## Road of York Water Company.

The *petitioner* for a *private road* may apply for the appointment of viewers to assess the damages which may be done by its being opened. ·

CERTIORARI to the Court of Quarter Sessions of *York county.*

On 10th November, 1853, a petition from The York Water Company was presented to the sessions, praying for the appointment of viewers to lay out a *private* road through land of Samuel Weiser. Viewers were afterwards appointed, who, to April sessions 1854, reported in favor of a road, and recommended that it be opened 16½ feet wide. At the November sessions 1854, the petition of the company was presented, praying for the appointment of viewers to assess the damages which would be sustained by the road being opened; and viewers being appointed, assessed the damages at $26. Exception was filed on the part of Weiser, in which, *inter alia,* it was alleged that one year was allowed to the party injured to petition to have the damages assessed, and that he had the right to select the time for their assessment. The Court, expressing the opinion that no authority was given by the Act of Assembly for the appointment of viewers to assess the damage by reason of laying out either a public or a private road, on the application *of the petitioner for the road,* directed the report to be set aside, and the appointment of viewers rescinded.

Such decree was assigned for error.

*Evans* and *Mayer,* for plaintiff in error.

*Weiser,* for defendant in error.

The opinion of the Court was delivered by

LOWRIE, J.—The road law does not provide for the mode of assessing damages in the case of a private road, except by referring to "the manner provided in the case of a public road," and this manner cannot be strictly applied. In the case of a public road damages cannot be applied for under the general law until after it is opened; whereas a private road cannot be opened at all until they are ascertained and paid. A confirmation of a proceeding for a private road is therefore good for nothing to the applicant, if he must await the pleasure of the landowner for the subsequent part of the process, the petition for the assessment of the damages.

We cannot charge the legislature with an intentional institution of a fruitless remedy, and must therefore presume that they intended, in referring the process relative to private roads to that relative to public roads, that the courts should adapt the one as

[Road of York Water Company.]

closely as may be to the form and spirit of the other, changing where change is necessary.

The landowner alone can apply for the assessment of damages in the case of a public road; and there is good reason for this, for the public reserves six per cent. for roads in all grants of land, and in very many cases, and in nearly all cases in a new country, a public road is a benefit and not an injury to the landowner, which can never be said of a private road, and the public does not need the assessment before getting the road, and therefore the landowners are generally the only persons interested in having the damages assessed, especially as their remedy is limited by one year after the opening.   The difference in these respects relative to private roads makes the applicant the party principally interested in the assessment of damages, and makes this a necessary part of the process for getting his road.

If now, in place of the landowner in the public road law, we substitute its approximate equivalent, the person interested in having the estimate made, then very clearly the petitioner for the road may apply for the assessment.

If this were not so, we do not see how the process for obtaining a private road could be carried out; for we cannot attach the limitation of one year after the opening of public roads to the application for damages for a private road, and say that the landowner must apply within one year after the road is confirmed; for the reasons are not the same, and the new limitation would be shorter in time.   A man has public notice of a public road opened through his land, but he may have no notice at all of a private road merely laid out and confirmed on the records of the Court; and it would be unjust to take his land for a private purpose under a limitation so short and that may be so secret.

The Court below decided that the applicant for the road had no right to petition for the assessment of the damages, and therefore set aside the proceeding, and in this there was error.

The order setting aside the appointment, and the report of the viewers, is reversed and a *procedendo* awarded.